THE GIRDLER CORPORATION *v*. THE DELAWARE COMPRESSED GAS COMPANY.

(*February* 24, 1936.)

LAYTON, C. J., RICHARDS and RODNEY, J. J., sitting.

*William H. Bennethum* (of Marvel, Morford, Ward & Logan) for claimant.

*Aaron Finger* (of Richards, Layton & Finger) for exceptant.

Superior Court for New Castle County, No. 39, September Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

 It is to be presumed that the claimant has stated its claim as strongly as the truth permitted; and, as the inferences are against the pleader, doubtful allegations must be resolved against it. *Schwartzman v. Wilmington Stores Co.,* 2 *W. W. Harr.* (32 *Del.*) 7, 117 *A.* 739; *Derrickson v. Commissioners of Harrington,* 3 *W. W. Harr.* (33 *Del.*) 412, 138 *A.* 645.

The statement of claim admits of the presumption that the plant was not designed and furnished in connection with the erection, alteration or repair of the building or structure upon which a lien is claimed, but, on the contrary, that it was installed in a building in existence and not in such fashion as to cause it to lose its identity as personal property and to become a part of the real estate.

*Section* 2843, *Rev. Code* 1915, as amended by *Chapter* 225, *Vol.* 29, *Laws of Delaware,* provides for a mechanic's lien where labor has been performed or materials furnished "in or for the erection, alteration, or repair of any house, building, or structure."

 The right to a lien rests upon the theory that the land has been increased in value by the labor or materials bestowed upon the building or structure erected thereupon. The theory, of course, supposes that the labor or materials have gone into and have become an integral part of the realty. 40 *C. J.* 44, 64; *Rockel Mech. Liens,* §§ 12, 14, 17. The statute does not allow of a lien on personal property as such, but only if such property becomes fixed to the real estate, or otherwise loses its identity by becoming a part of the real estate.

So, in *McCartney, Kenny & Co. v. Buck, 8 Houst.* 34, 12 *A.* 717, a lien was denied where materials were furnished for upholstering chairs in a theatre. And, in *Thompson Mfg. Co. v. Smith, 67 N. H.* 409, 29 *A.* 405, 68 *Am. St. Rep.* 679, one furnishing a portable steam engine was denied a lien in the absence of a showing that it became a part or appurtenance of the building where the repairs were made.

The claimant relies upon *Chapter* 226, *Vol.* 29, *Laws of Delaware,* which amends the *Mechanic's Lien Act (Rev. Code* 1915, § 2846) and extends it, *inter alia,* to work and labor performed and furnished, and to materials furnished in placing machinery in mills and factories, and to services rendered and work and labor performed and materials furnished by architects.

It is not difficult to perceive the justice of legislation providing for a lien for the services of architects whose trained knowledge goes into a building as certainly as do bricks and mortar. So, to secure by lien the value of labor and materials furnished in connection with the installation of machinery in a mill or factory where it loses its identity as personal property and becomes a part of the realty is consistent with the theory of mechanic's lien statutes.

█ But we are not called upon to decide, as urged by the claimant, that the statute should be construed so as to include within its protection services rendered by engineers in designing machinery or plants for installation in buildings, on the theory that such services are akin to architectural services. For, there is nothing in the amendatory act to suggest a departure from the basic idea of the original act which is, to secure by a lien on the building and land the value of labor and materials which actually become a part of the building.

*Breeding v. Melson, 4 W. W. Harr.* (34 *Del.*) 9, 143

*A.* 23, 60 *A. L. R.* 1252, does not aid the claimant. There, the labor bestowed in the construction of a building was by a foreman or superintendent. It was held that the statute, *Section* 2843, *supra,* did not distinguish between skilled and unskilled labor. The labor, such as it was, was bestowed upon the building.

In the statement of claim here presented it does not appear that the machinery or plant upon which the claimant bestowed its services actually became a part of the building upon which a lien is claimed. For all that is shown, either by the statement of claim, or by the explanatory brief of argument, the machinery or plant retained its character or personal property, and never became a part of the building. There is, therefore, no showing of enhancement in value of the realty.

The statutes must be construed strictly. *Heitz v. Sayers,* 1 *W. W. Harr.* (31 *Del.*) 221, 113 *A.* 901. So construed, the claimant has not put itself within their protection.

The exceptions are sustained.