ERECT-RITE CONSTRUCTION CO., INC., a corporation of the State of Pennsylvania, Plaintiff, v. ANTONIO DE-CHELLIS and IDA DECHELLIS, his wife, Owners or Reputed Owners, and FASHION FLAIR HOMES, INC.,

a corporation of the State of Delaware, and WILLIAM T. WHARTNABY, trading under the firm name of Rite-Fashion Flair Homes, General Contractors, Defendants.

(*August* 12, 1963.)

LYNCH, J., sitting.

*Charles K. Keil* (of Herrmann, Bayard, Brill and Russell) for Plaintiff.

*Edward W. Cooch, Jr.,* and *H. Alfred Tarrant, Jr.* (of Cooch and Taylor) for Defendants, Antonio DeChellis and Ida DeChellis.

Superior Court for New Castle County, No. 2116, Civil Action, 1963.

LYNCH, Judge.

A somewhat detailed review of the Statement of Claim and analysis of the other material before me seems desirable, so that the reasoning used by the Court in reaching its determination of the Motion to Dismiss will be better understood.

Plaintiff filed its Statement of Claim, seeking a Mechanics' Lien against property owned by defendants Antonio and Ida DeChellis with the owners..

Fashion Flair Homes, Inc. and William T. Whartnaby t/a Rite-Fashion Flair Homes were also named parties defendants; they are alleged to be general contractors. These contractor defendants were served with process but have filed no answer to the complaint. Plaintiff has secured default judgments against them. They do not figure in this opinion.

The Statement of Claim alleged (¶2) that Antonio DeChellis and Ida DeChellis are the owners of property in St. George's Hundred; that (¶3) Fashion-Flair Homes, Inc. and William T. Whartnaby t/a Rite-Fashion Flair Homes are alleged to be "General Contractors"; that (¶4) "The materials herein referred to were furnished and supplied by the Plaintiff * * * for the * * * construction of a dwelling house *pursuant to a contract made by the Plaintiff with the Defendants*" (emphasis supplied); and (¶5) that the amount claimed is $2,720.20—"for materials supplied and furnished on account of said structure."

A Bill of Particulars showing the kind and amount of materials * * * furnished "is annexed to Statement of Claim," as Exhibit "A".

The Statement of Claim further alleges that the materials were furnished between September 14, 1962 and January 14, 1963. It appears that the suit was filed April 11, 1963.

The Bill of Particulars annexed to Plaintiff's Statement of Claims consisted of copies of invoices, made out by Plaintiff to Fashion Flair Homes and William Whartnaby, two of the defendants, and described materials allegedly delivered by Plaintiff to "DeChellis job, Odessa,

Delaware." The total value of materials covered by the invoices was $6,420.20. Reference was made to a payment of $3,700.00 on November 30, 1963, leaving a balance due and owing "of $2,720.20."

In their answer, Mr. and Mrs. DeChellis admitted paragraph 2 of the Statement of Claim and that Fashion Flair Homes, Inc. and William T. Whartnaby are contractors; they admit:

"A substantial portion of the materials referred to in the Statement of Claim were furnished and supplied by the Plaintiff in and for the erection and construction of a dwelling house."

The answer denies the materials were furnished by the Plaintiff pursuant to a contract between the Plaintiff and the answering Defendants; the answer admits the amount "claimed to be due to Plaintiff is $2,720.20"; it denied "any money is due to Plaintiff from these [answering] Defendants."

Three affirmative defenses are pleaded in this answer. *First*, it is contended that the "Statement of Claim fails to set forth whether the contract of the Plaintiff—Claimant was made with the Owners, their Agent, or with one or both contractors as required by the Statute." This is dealt with in this opinion.

We are not concerned with the remaining affirmative defenses. The Defendants also countered-claimed against Plaintiff and some reference will be made to this.

Mr. and Mrs. DeChellis propounded an interrogatory to Plaintiff, reading:

"Q. State specifically with whom the contract alleged in Plaintiff's complaint was made, including in your

answer whether the person or persons, firm or firms contracting with Plaintiff did so as Landowner, Agent of the Owner or Contractor."

Plaintiff's answer to this interrogatory reads:

"A. The contract was made with William T. Whartnaby and Fashion Flair Homes, Inc. in their capacity as Contractor."

Title 25 *Del. C.* § 2712(b) (3) provides that:

"(b) The complaint and/or statement of claim shall set forth—

"(1) * * *

"(2) * * *

"(3) The name of the contractor, and *whether the contract of the plaintiff-claimant was made with such owner or his agent or wth such contractor;*" (Emphasis supplied)

The Plaintiff's Statement of Claim, as heretofore referred to in Paragraph 4 (supra page 546) alleged:

"(4) The materials herein referred to were furnished and supplied by the Plaintiff in and for the erection and construction of a dwelling house *pursuant to a contract made by the Plaintiff with the Defendants.*" (Emphasis supplied)

Mr. and Mrs. DeChellis contend that:
"* * *. Nowhere in the complaint does the Plaintiff undertake to fulfill the requirement of 25 *Del. Code* § 2712 (b) (3) and specify which of the four Defendants were parties to the contract and in what capacity."

Defendants argue:

"The Plaintiff has failed to affirmatively comply with 25 *Del. Code* § 2712 (b) (3) and, accordingly, its statement of claim is defective."

They say that:

"In a Mechanics' Lien proceeding the inferences arising from the pleadings are construed against the pleader and doubtful allegations must be resolved adversely."

They cite *Girdler Corporation v. Delaware Compressed Gas Co.,* 7 W.W.Harr. 344, 183 A. 480, (Del.Super., 1936).

Plaintiff, for its part, says it has complied with the Statute. After considering and distinguishing the cases cited by Mr. and Mrs. DeChellis, it notes:

"* * * The complaint shows substantial compliance with the statute. The defendants DeChellis are not mislead by anything within the complaint. The action is also against 'Antonio DeChellis and Ida DeChellis, his wife, Owners or Reputed Owners, and *Fashion Flair Homes, Inc., a corporation of the State of Delaware, and William T. Whartnaby, trading under the firm name of Rite-Fashion Flair Homes, General Contractors.'* (Emphasis Supplied) The bill of particulars (appearing as Exhibit A of the 'Complaint and Statement of Claim for Mechanic's Lien)' clearly indicates that the contract is with William T. Whartnaby and Fashion Flair Homes, Inc. The plain meaning of the words 'contractors,' and 'general contractors' points to the fact that said words imply independence. Surely the defendants DeChellis' know that the contract was not made with them. The DeChellis' know that William T. Whartnaby and Fashion Flair Homes, Inc. are not their agents. It is patently obvious on the face of the Complaint and Statement of Claim, that the contract was made with William T. Whartnaby and Fashion Flair Homes, Inc."

*Klein v. Sunbeam Corp.*, 8 Terry 526, 94 A.2d 385 (1952) involved an action by a retailer against a manufacturer for the publication of a purportedly libelous statement. In the Superior Court a motion to dismiss for failure to state a claim was sustained, but the Supreme Court reversed the lower court's decision and held that the complaint was sufficient against the motion to dismiss. Mr. Justice Wolcott, 8 Terry 537, 94 A.2d at page 391, stated:

"Under the present rules of the Superior Court a cause of action need not be set forth with all the technical exactitude of allegation necessary under the rules of common law pleading. *The present rules adopt a system of notice pleading rather than fully informative pleading as was theretofore required. The theory underlying the present rules is that a plaintiff must put a defendant on fair notice* in a general way *of the cause of action asserted, which shifts to the defendant the burden to determine the details of the cause of action by way of discovery for the purpose of raising legal defenses.* * * *"* (Emphasis is supplied)

See also *Stitt v. Lyon*, 9 Terry 365, 367, 103 A.2d 332, 333 (Super.Ct.1954) and *Buchanan Service, Inc. v. Crew*, 11 Terry 22, 27, 122 A.2d 914, 917 (Super.Ct.1956)

The Superior Court Rules have been made applicable to Mechanics' Lien actions. See Rules 12, 69, 77 and Form 1(q), *Del. C.*

In paragraph 14 of their counterclaim, defendants allege that the plaintiff had an agreement "with Defendant Fashion Flair Homes, Inc", charging—

"14. Plaintiff entered into an agreement with Defendant FASHION FLAIR HOMES, INC., whereby

Plaintiff was to furnish a complete heating system, including radiators, fittings, and sufficient mains for the construction of the DE CHELLIS home."

As a practical matter, this would seem to be an acknowledgement by the defendants that they had "notice," of who were the parties to "the contract" as early as when they filed their answer to plaintiff's Complaint.

Note has been made, supra page 4 to Defendants' Interrogatory and Plaintiff's answer thereto.

The use of Interrogatories and answers in the determination of motions is discussed in Vol. 2A of Wright's Edition to Barron and Holtzoff's Federal Practice and Procedure § 778. The reviser noted that :

"* * * As originally adopted Rule 33, [Federal Rules of Civil Procedure] contained no provision as to the use of answers. * * *."

He then notes that:

"Rule 33 was amended in 1948 to provide that answers to interrogatories may be used to the same extent as provided in Rule 26(d) * * *."

When this Court adopted the present Rules in 1947, to become effective January 1, 1948 it was provided in Rule 26(d) that "* * * upon the hearing of a motion * * * any part or all of a deposition * * * may be used * * *." Rule 33, provided that "the answers [to interrogatories] may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party. * * *"

It was noted in Barron & Holtzoff supra (page 391) "* * * that answers to interrogatories may not be considered by the Court in granting a motion to dismiss for failure of the complaint to state a claim. * * *"

*Mullins v. De Soto Securities Co.,* 136 F.2d 55 (C.C.A. 5, 1943) and *Kohler v. Jacobs,* 138 F.2d 440 (C.C.A. 5, 1943) are cited for such proposition. It is to be noted these cases were decided before the Rules were amended in 1948.

Continuing this discussion, the learned reviser states:

"* * *. However it would seem that under the 1948 amendment * * * the Court may not permit such answers to be presented on motion to dismiss and treat the motion as one for summary judgement under Rule 56. Answers to interrogatories may be considered on a motion for summary judgment."

This was the holding of now Justice Carey of our Supreme Court, when he was a member of this Court, when he decided *McGuire v. McCollum,* 10 Terry 359, 362, 363, 367, 116 A.2d 897, (Super.Ct.1955), in passing upon and determining a motion for summary judgment, supported by depositions and answers to interrogatories.

■ It will be noted that Rule 12(b) (6), of our Rules provides that:

"If, on a motion asserting [failure to state a claim upon which relief can be granted] matters outside the pleading are presented to * * * the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."

This is ample authority to use answers to interrogatories, particularly in light of Rule 33 in the situation here presented.

*Warner Co. v. Leedom Construction Co.,* 9 Terry 58, 97 A.2d 884 (Sup.Ct.1953) is cited by defendants; it involved a failure on the part of a Claimant in a Mechanics' Lien Proceedings to designate the amount due on each

building, a number of buildings having been embraced within a single Statement of Claim. This was ruled to be a basic defect in light of the plain language of the Statute. Former Chief Justice Southerland, in deciding the case, held that in order to acquire a lien, there must be substantial compliance with the Statute. See also *Charles G. Taylor & Son, Inc. v. Brentwood Const Co.,* 6 Storey 8, 189 A.2d 414, 416 (Super.Ct.1963).

Because of the differences in language used in Statutes of other states, anent Mechanics' Lien Proceedings, use of decisions from other states, on questions involving meaning to be given to terminology used in such Statutes, is always questionable; the holding of the Nevada Supreme Court, however, in *Peccole v. Luce & Goodfellow, Inc.,* 66 Nev. 360, 212 P.2d 718, 724 (1949) is basic and has logic behind it which seems to justify citing it, albeit with reluctance and hesitancy, as a reason why the De-Chellis motion to dismiss should be denied. The Court said (Id.) :

"As a general rule a mistake in the statement as to the name of the person with whom plaintiff contracted or by whom he was employed will not defeat the lien, where there was no intention to deceive and no one has been mislead to his detriment."

I am not sure how far I would apply such holding.

The language used by the Pennsylvania Superior Court and the resemblance of the fact situation to the case here under consideration, justifiies my citation of and placing some reliance on *Intercoastal Lumber Distributors v. Derian,* 117 Pa.Super. 246, 178 A. 350 (1935). The Pennsylvania Supreme Court said 178 A. at page 351) :

" 'A pleading must be construed as an entirety, including the caption,* and a count must be construed as a whole. Effect should be given to every part of the pleading, and all parts will, if the language permits, be so construed as to be consistent with each other.' 49 C.J. 116. Although it is undoubtedly better practice to name the contractor in the body of the lien, it has long been a common practice to name both the owner and the contractor in the caption. We are of the opinion that the naming of Gustino Bros. as contractors in the caption was a sufficient notice to point the way to a successful inquiry by the owner as to the relationship of the contractor to the owner and the validity of the claim in that respect. 'All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice.' *Amer. Car & Foundry Co. v. Alexandria Water Co.*, 215 Pa. 520, 525, 526, 64 A. 683, 685. Again, in *Calhoun v. Mahon*, 14 Pa. 56, 58, the Supreme Court said: 'We must not be hy-

---

*See 71 C.J.S. Pleading § 65, as to the part "captions" play in Pleadings. In 71 C.J.S. Pleading § 53, pages 120-121, it is stated that a Court may consider a caption in construing a pleading; see however, 35A. C.J.S. Federal Civil Procedure § 263, at p. 368, Rule 7(b) (2) and Rules 10(a) of our Rules require a caption to be part of every pleading. See discussion of "captions" in Vol. 1A Barron and Holtzoff, Federal Practice and Pleading (Wright Ed.) at §§ 244 and 322; in Supplement to Vol. 2, Moore's Federal Practice, under Chapter 10 and § 7.05 page 1546; and in Cyclopedia of Federal Procedure, Vol. 4, § 14.32 and Vol. 5, § 15.74. Compare *Luff v. Thomas*, 5 Houst. 399, 400 (Super.Ct.1877) as to how omission of the description of a party to a suit may be aided or supplied.

percritical, when scanning this species of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired where they furnish sufficient data to enable the parties subject to them, to ascertain all that is essential for them to know.' It would be idle to suggest that the owner of this building, from an inspection of the paper filed, would not know the person alleged to be the contractor."

This is the kind of reasoning that was used in *Klein v. Sunbeam Corp.*, supra, as to matters of pleading and in *Warner Co. v. Leedom Construction Co.*, supra, as to the appropriate rule of construction to be used in determining the sufficiency of Statements of Claim in Mechanics' Lien cases.

Defendants lay great emphasis on *E. J. Hollingsworth Co. v. Continental-Diamond Fibre Co.*, 6 W.W.Harr. 303, 175 A. 266, 268, where this Court observed:

"\* \* \*, when the time for filing the statement of claim has expired, the Court is unable, by allowing an amendment to the statement of claim for the purpose of curing *fatal* defects, to breathe life into that which has no existence. \* \* \*"

They also emphasize *Greenhouse v. Duncan Village Corp.*, 5 Storey 102, 184 A.2d 479 (Super.Ct.1962). The situations in those cited cases differ from what we have before us in the case at bar. They are not inconsistent with the result reached here since the facts of the cited cases are so different than what is involved here.

*Girdler Corp. v. Delaware Compressed Gas Co.*, 7 W.W. Harr. 344, 183 A. 480 (Super.Ct.1936) is also relied on by defendants; it, however, also involved an entirely different fact situation than what we are dealing with in

the case before the Court. The Girdler case had questions as to whether equipment or plant had become a part of a building or structure, and it was for this reason that the Court in that case considered a- doubt had been presented, requiring construction and which eventually led to the Court's ruling on which defendants in our case would rely. No doubt can exist as to who the parties are to this case and there is sufficient in the pleadings to identify their several capacities and their relationship to each other.

A review of the Statement of Claim, including the caption and the Bill of Particulars annexed thereto, as well as the defendants' Counterclaim and the plaintiff's answer to defendants' interrogatory, make it quite obvious that the Contract, referred to in the Statement of Claim, with respect to the supplying of the materials, was between Plaintiff and those sued as the General Contractors. I rule that under these circumstances the Statement of Claim meets the requirements of Title 25 *Del. C.* § 2712 (b) (3) (supra page 4) and this requires me to deny the motion to dismiss. Order accordingly.