124 N.J. Super. 248 (1973)
306 A.2d 77
ROVA FARMS RESORT, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
INVESTORS INSURANCE COMPANY OF AMERICA, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1973.
Decided June 12, 1973.
*249 Before Judges FRITZ, LYNCH, and TRAUTWEIN.
*250 Mr. Marshall Selikoff argued the cause for appellant (Messrs. Lane, Evans & Selikoff, attorneys).
Mr. Robert F. Novins argued the cause for respondent (Mr. Edward F. Liston, Jr., on the brief; Messrs. Novins, Novins and Farley, attorneys).
PER CURIAM.
The question presented here is whether the failure of a liability insurer, under the circumstances here present, to offer without qualification its policy limits where there was no assurance from plaintiff that the action could be settled at or within the policy limits  i.e., in a situation in which there had been no firm demand  constituted a sufficient lack of good faith to bring the matter within the intent of Bowers v. Camden Fire Ins. Ass'n, 51 N.J. 62 (1968), and make such an insurer responsible for the entire subsequent verdict which exceeded those limits. Following a trial without a jury, the judge below answered this question in the affirmative. As that inquiry relates to the particular circumstances of this case, where the injuries were so substantial and where the potential liability of the insured should have been reasonably obvious to a liability insurer irrespective of "advice of counsel," we agree with the conclusion below.
We acknowledge that Bowers concerned a firm offer to settle within the policy limits and this case does not. While we thus extend the holding of Bowers, we neither extend nor depart from its basic tenet that, in settlement negotiations, liability insurance carriers shall be held closely to good faith in a responsible degree. As was said in Bowers:
Good faith is a broad concept. Whether it was adhered to by the carrier must depend upon the circumstances of the particular case. A decision not to settle must be a thoroughly honest, intelligent and objective one. It must be a realistic one when tested by the necessarily assumed expertise of the company. In cases like the present one, where the insurer recognizes the probability that an adverse verdict *251 at the trial will exceed the limit of its policy, the boundaries of good faith become more compressed in favor of the insured. * * *. [at 71]
We think, as did the trial judge, that the insurance carrier here conducted itself in a manner falling short of these guidelines.
Without respect to the quality and quantity of proof relating to the sources of money obtained by the insured to pay the judgment, we find wholly frivolous the carrier's argument to the effect that the insured's damages should be diminished or reduced because it received voluntary assistance from others in paying the judgment. See Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967).
Nor do we find any reason to disturb the determination of the judge that plaintiff should not have interest, challenged here by the cross-appeal.
Affirmed. No costs to either party.