Donald S. GASTER et al., Defendants Below, Appellants,

v.

WILMINGTON PLUMBING SUPPLY COMPANY, INC., a Delaware corporation, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 9, 1974.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, of Wilmington, for appellants.

David Roeberg and A. Gary Wilson of Potter & Roeberg, Wilmington, for appellee.

HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

MARVEL, Vice Chancellor:

Wilmington Plumbing Supply Company, Inc., the plaintiff below and appellee here, sought and was granted a judgment upon mechanic's lien in the court below against real property of the appellants Donald S. Gaster and Mary Ann Gaster and John Hancock Mutual Life Insurance Company, namely an apartment building known as the Cliff House Apartments, said judgment

---

having been entered in the amount of $8,089.42 with a lien priority date of March 18, 1969 and with interest from April 1, 1970.

The trial court also granted Wilmington Plumbing Supply Company, Inc., a judgment in personam against Major Mechanical Contractors, Inc., a subcontractor in the construction project in issue for which Wilmington Plumbing and Supply Company, Inc. had furnished materials to the total value of $8,122.75. Major has not appealed from said judgment.

The trial court's basic ruling, from which this appeal is taken, was that at least insofar as the delivery of materials to a construction site by a supplier is concerned, proof of the incorporation of such materials into the structure in issue is not required in order for the supplier to perfect a mechanic's lien, 39 A.L.R.2d 394.

The project involved in this litigation was, as noted above, the construction of the Cliff House Apartments on Naamans Road in New Castle County, an enterprise in which the Gasters, as partners under the provisions of 6 Del.C. § 1525 and also as owners of the structure in question, served as general contractors for the project, the appellant John Hancock Mutual Life Insurance Company being the owner of the land on which the apartment in question was being constructed.

In the course of such construction the Gasters entered into a contract with Major Mechanical Contractors, Inc. under the terms of which agreement the latter as a subcontractor undertook to furnish and install the plumbing, heating, and air conditioning equipment required for the apartment building in question, part of such materials (consisting of twelve water closets, seventy-two lavatory faucets and one hundred forty toilet seats) having been obtained by Major from the appellee Wilmington Plumbing and Supply Company,

Inc., and transported to the construction site here in issue. In late March or early April 1970 Major discontinued work on the project in question, at which time Wilmington Plumbing and Supply had received payment for all of the equipment delivered by it to the construction site with the exception of materials having an alleged value of $8,122.75, the amount allowed Wilmington in the judgment on mechanic's lien entered below. The evidence adduced at trial is to the effect that some of the equipment furnished to Major was delivered to the job site, that a portion of such equipment was picked up by Major at Wilmington Plumbing and Supply's place of business, and that the balance of said materials was shipped directly to the site by manufacturers who served as suppliers to Wilmington Plumbing and Supply.

In reaching its decision, the Court below, as noted above, decided that the law of Delaware does not limit a mechanic's lien to items actually incorporated into a structure in issue, that the execution of waivers by Wilmington Plumbing and Supply in return for periodic payments did not operate as a release of all liens, including the one in issue, that a concession made by counsel for Wilmington Plumbing and Supply at an earlier trial concerning the effect of the waivers in question in relation to the effective date of the lien in issue was not binding at the second trial,[1] which resulted in the judgment appealed from, and that accordingly Wilmington Plumbing and Supply was entitled to a mechanic's lien judgment in the amount of $8,089.42 with a lien priority date of March 18, 1969, and with interest from April 1, 1970.

The Delaware mechanic's lien law, 25 Del.C. § 2702(a), provides as follows:

"(a) It shall be lawful for any person having performed or furnished labor or material, or both, to an amount exceeding $25 in or for the erection, alteration,

---

1. A second trial was required because the judge at the first trial died before disposing of the case.

or repair of any structure, in pursuance of any contract, express or implied, with the owners of such structure, or with the agent of such owner, or with any contractor who has contracted for the erection, alteration, or repair of the same, and for the furnishing of the whole or any part of the materials therefor, including any person who has performed or furnished labor or material, or both, for or at such structure, under a contract with or order from any sub-contractor, to obtain a lien upon such structure, and upon the ground upon which the same may be situated, or erected."

Appellants principally argue that the trial court not only disregarded compelling evidence which indicated that certain of the materials delivered or caused to be delivered to the construction site here in issue by appellee were not actually incorporated into the building in issue but also ignored a Delaware precedent in deciding that proof of delivery of materials at a job site create an irrebuttable presumption that such materials were thereafter made a part of the structure in issue, Girdler Corporation v. Delaware Compressed Gas Co., 37 Del. 344, 183 A. 480.

Appellants' secondary argument is concerned with the effect of a so-called judicial admission by counsel for appellee at the first trial concerning the effect on its claim of the existence of certain waivers and the failure of the trial court to give effect to such waivers which were held to be for the benefit of lenders and title insurers rather than to be pro tanto releases of the mechanic's lien here in issue.

■ Turning to the primary ruling of the trial court, namely that proof of delivery of materials at a construction site creates an irrebuttable presumption that such materials were incorporated into the structure in issue and a lien thus established, we conclude that the trial court reached the correct result but relied on the wrong section of the statute in issue. In other words, the trial judge, in making his ruling, relied on that part of 25 Del.C. § 2702(a) which refers to the furnishing of labor or material " * * * in or for the erection * * * of any structure, in pursuance of any contract * * * with the owners of such structure * * *" while reference should have been made to the supplying of materials to a contractor by a subcontractor " * * * for or at such structure."

■ In other words, in the case at bar we are concerned with the purported lien of a subcontractor arising out of the delivery by it of materials to a construction site, and the language of the statute which refers to the supplying of materials by a subcontractor " * * * for or at such structure * * *" supports the establishment of a lien under such circumstances regardless of whether or not the materials were later made a part of the structure in issue. Thus, the dictum in Girdler Corporation v. The Delaware Compressed Gas Company, supra,[2] to the effect that the right to a mechanic's lien is derived from the theory that the land made subject to lien has been increased in value by the furnishing of labor or materials is not controlling here because in the cited case the decision was made not on an interpretation of the statute but on exceptions to a mechanic's lien based upon such lien's failure to aver that the claimant had performed labor or furnished any material for the structure as to which a lien was claimed. In other words, the Court did not reach the merits of the case. We are also of the opinion that the lien here in issue, which includes a charge for tools and expendable materials, should date back to March 18, 1969, the date on which appellee began to supply materials for the project in issue, 25 Del.C. § 2718. We also conclude that the waivers of liens here involved were solely

2. In this regard, see McHugh Electric Co. v. Hessler Realty & Development Co., 50 Del. 296, 129 A.2d 654.

for the purpose of inducing the lending of moneys on the real estate in issue as well as the insuring of title to the premises and not for the purpose of affecting appellee's mechanic's lien. Finally, we conclude that the concession of law made by counsel for appellee at the first trial to the effect that the date of the mechanic's lien here in issue should be September 29, 1969 rather than March 18, 1969 was not part of the record at the second trial and thus was not binding on appellee at the second trial.

The judgment below entered upon mechanic's lien against designated property of the appellants in favor of appellee in the amount of $8,089.42 with a priority date of March 18, 1959 and with interest from April 1, 1970, from which this appeal is taken, if affirmed.