**GRIER LUMBER COMPANY, INC.,**
**Plaintiff,**

v.

**David TRYON, t/a Ryon Services, Benjamin Hardesty and Carol Hardesty,**
**Defendants.**

Superior Court of Delaware,
Kent.

March 25, 1975.

---

Randy J. Holland, and Harold E. Dukes, Jr., of Dunlap & Holland, George town, for plaintiff.

Wilmer C. Bettinger, of Schmittinger & Rodriguez, Dover, for defendants.

TAYLOR, Judge.

Plaintiff supplied materials for construction of a garage at the residence of the individual defendants [defendants]. The materials were purchased by defendant David Tryon [contractor] who constructed the garage pursuant to contract with defendants. Approximately two weeks before defendants made their final payment under the contract to contractor, plaintiff contacted defendants stating that contractor owed a bill for the materials and requesting that all further payments be made payable jointly to contractor and plaintiff. Defendants indicated that they would comply with this request. Thereafter, defendants discussed the matter with contractor and they were informed by the contractor that there was no money owed and that the contractor would take care of the dispute over the bill. After unsuccessfully seeking an indemnification agreement from the contractor, defendants paid the balance of the contract price to the contractor.

Defendants seek summary judgment on the basis of 25 Del.C. § 2707 which provides as follows:

"§ 2707. Payment of contractor by owner of residence as a defense; certification of payment for labor and materials or release of liens by contractor.

No lien shall be obtained under this chapter upon the lands, structure, or both, of any owner which is used solely as a residence of said owner when the owner has made either full or final payment to the contractor, in good faith, with whom he contracted for the construction, erection, building, improvement, alteration or repair thereof. Prior to or simultaneous with the receipt of any full or final payment by the contractor, the contractor must provide the owner either (1) a notarized, verified written certification that the contractor has paid in full for all labor performed and materials furnished to the date of such full or final payment in or for such construction, erection, building, improve-

ment, alteration or repair or (2) a written release of mechanics' liens signed by all persons who would otherwise be entitled to avail themselves of the provisions of this chapter, containing a notarized, verified certification signed by the contractor that all of the persons signing the release constitute all of the persons who have furnished materials and performed labor in and for the construction, erection, building, improvement, alteration and repair to the date of the release and who would be entitled otherwise to file mechanics' liens claims. Failure of the contractor to provide the owner a written certification or a release of mechanics' liens at such time shall constitute sufficient cause for the immediate suspension, revocation or cancellation of the contractor's occupational and business licenses. If the owner has not made full payment in good faith to such contractor, the lien may be obtained in accordance with this chapter, but it shall be a lien only to the extent of the balance of the payment due such contractor, which balance or portion shall be payable pro rata among the claimants who perfect liens. Payments made to the contractor by the owner after service of process, as provided in § 2715 of this title, shall not be deemed to be 'in good faith.' (25 Del.C.1953, § 2707; 57 Del. Laws, c. 498; 58 Del.Laws, c. 274 § 1)."

The issue is whether under the facts stated above, the payment made by defendants to the contractor after defendants were informed by plaintiff of outstanding bills was a payment made in good faith, as contemplated by the statute. § 2707 was added to the mechanics' lien law by 57 Delaware Laws, Chapter 498, apparently to soften the harsh impact of the mechanics' lien law in the case of residential owners. The only attempt in the statute to define the phrase "in good faith" is in the last sentence of the section where it provides that payment made to the contractor after a mechanics' lien action has been served on the owner shall not be deemed to have been made in good faith. This example is,

of course, one instance in which an owner would be put on notice of a claim by one entitled to a mechanics' lien.

I conclude that the good faith requirement does not merely mean that the owner made an actual payment to the contractor without any arrangement that the contractor will repay the money to the owner. If the statute had merely intended to require actual, irrevocable payment, this would have been adequately provided by the use of the "payment" without the added requirement of good faith, since existing concepts of fraud would have rendered a collusive payment scheme ineffective as a payment.

Prior to adoption of this section, those who had no direct contractual relationship to the owner who supplied materials or furnished labor in connection with construction at the property (hereinafter referred to as "remote party") were entitled to obtain a lien against the owner's property for such materials or labor. The effect of the 1970 amendment is to place a limitation, in the case of residential property, upon the right of a remote party to recover a mechanics' lien against property. Since the amendment is a limitation of the right of a remote party to assert a mechanics' lien, it is concluded that the good faith requirement would mean the good faith of the owner with respect to the remote party. Thus, the requirement that the payment be made in good faith must refer to a good faith status between the property owner who makes the payment and the remote party who would otherwise have a right to a mechanics' lien.

The term "in good faith" has been defined to mean that a person has acted without notice of a claim, Hayne v. Cook, 252 Iowa 1012, 109 N.W.2d 188 (1961), or action upon an honest or reasonable belief, Rova Farms Resort, Inc. v. Investors Ins. Co. of America, 124 N.J.Super. 248, 306 A.2d 77 (1973); Eldon's Super Fresh Stores, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 296 Minn. 130, 207 N.

W.2d 282, 287 (1973). In the Uniform Commercial Code, 6 Del.C. § 3–302(1)(b), it is used in conjunction with other language to require action in absence of disqualifying information. Here, the legislative draftsman did not choose to use elaborating language. Considering the impact of this amendment on the rights of remote parties as they previously had existed, I conclude that the legislature intended the phrase to require that the owner have no reason to believe that his action of payment to the general contractor would lessen the likelihood of payment to the remote lien holder. It is recognized that in many instances the owner is unaware of the contractor's sources of materials and workmanship and it is unrealistic to expect the residential owner to pursue such matter. On the other hand, where the owner has been put on notice by the remote lien holder of the fact that his bill is unpaid, it cannot be said that the subsequent act of paying the contractor was an action in good faith with respect to the remote lien holder. Here, defendants were put on notice by the materialman of the outstanding bill which the contractor had not paid.

It is unfortunate that defendants, having been placed on notice of the unpaid bill, chose to rely upon the word of the contractor rather than to protect themselves. The good faith action contemplated by the statute involves good faith or fair treatment toward the remote lien holder rather than in the relationship between the owner and the contractor. In order for the residential owner to benefit from the section, he must have acted fairly toward the remote lien holder whose unpaid claim has come to the owner's attention, if the remote party is to be deprived of a mechanics' lien.

I conclude that upon the record, it does not appear that the defendants acted in good faith with respect to the claim of plaintiff when defendants made further payment to the contractor after being informed of the outstanding bill of plaintiff. Therefore, defendants are not entitled to

the benefit of § 2707 with respect to any payment made after they were notified of plaintiff's claim. This case has proceeded on the basis that the subsequent payment by defendants exceeded the amount of plaintiff's claim. Accordingly, defendants' motion for summary judgment is denied.

It is so ordered.