Boyce H. BEDFORD and Florence S.
Bedford, his wife, Defendants
below, Appellants,

v.

SUSSEX ELECTRICAL CONSTRUC-
TION COMPANY, Plaintiff
below, Appellee.

Boyce H. BEDFORD and Florence S.
Bedford, his wife, Defendants
below, appellants,

v.

MASTEN LUMBER & SUPPLY COMPA-
NY, INC., Plaintiff below, Appellee.

Boyce H. BEDFORD and Florence S.
Bedford, his wife, Defendants
below, Appellants,

v.

McGEE PLUMBING & HEATING CO.,
INC., Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 21, 1977.

Decided Jan. 18, 1978.

John E. Henriksen, of Maull & Maull, P.
A., Georgetown, for all defendants-appel-
lants.

Harold E. Dukes, Jr., of Dunlap, Holland
& Eberly, Georgetown, for plaintiff-appel-
lee Sussex Elec. Const. Co.

John E. Messick and Michael J. Rich, of
Tunnell & Raysor, Georgetown, for plain-
tiff-appellee Masten Lumber & Supply Co.,
Inc.

H. Clay Davis, III, of Davis & Marshall,
Georgetown, for plaintiff-appellee McGee
Plumbing & Heating Co., Inc.

Before HERRMANN, C. J., DUFFY and
McNEILLY, JJ.

PER CURIAM:

These are consolidated cases which
require the Court to construe, for the first
time, a 1971 amendment to the Mechanics'
Lien Statute, 25 *Del.C.* § 2707.

With the amendment, the Statute reads as follows:

"No lien shall be obtained under this chapter upon the lands, structure, or both, of any owner which is used solely as a residence of said owner when the owner has made either full or final payment to the contractor, in good faith, with whom he contracted for the construction, erection, building, improvement, alteration or repair thereof. Prior to or simultaneous with the receipt of any full or final payment by the contractor, the contractor must provide the owner either (1) a notarized, verified written certification that the contractor has paid in full for all labor performed and materials furnished to the date of such full or final payment in or for such construction, erection, building, improvement, alteration or repair or (2) a written release of mechanics' liens signed by all persons who would otherwise be entitled to avail themselves of the provisions of this chapter, containing a notarized, verified certification signed by the contractor that all of the persons signing the release constitute all of the persons who have furnished materials and performed labor in and for the construction, erection, building, improvement, alteration and repair to the date of the release and who would be entitled otherwise to file mechanics' liens claims. Failure of the contractor to provide the owner a written certification or a release of mechanics' liens at such time shall constitute sufficient cause for the immediate suspension, revocation or cancellation of the contractor's occupational and business licenses. If the owner has not made full payment in good faith to such contractor, the lien may be obtained in accordance with this chapter, but it shall be a lien only to the extent of the balance of the payment due such contractor, which balance or portion shall be payable pro rata among the claimants who perfect liens. Payments made to the contractor by the owner after service of process, as provided in § 2715 of this title, shall not be deemed to be 'in good faith.' "

Briefly, the Act exempts from the lien law owner-occupied residential property when the owner has made "full or final payment . . . in good faith" to the contractor. The issue in these cases centers on the "good faith" requirement which an owner must meet to get the benefit of § 2707.

Relying on an unreported decision in *Cassidy Company v. CCA Associates, Inc., and Sisler*, Del.Super., C.A. No. 417, 1973 (1975), the Superior Court granted plaintiffs (each of whom had supplied materials to defendants' residence) *in rem* judgments. In *Cassidy*, the Court construed § 2707 as requiring a residential owner to obtain a certificate that all labor and material bills had been paid or a release of mechanics' liens before making a final payment to a general contractor, in order for such payment to be "in good faith" under § 2707. As we understand that decision, and as the Trial Court applied it to these cases, a residential owner may not get the benefit of the exemption unless he receives either such certificate or release. That view of § 2707 is indeed a narrow one and contrary to the Superior Court decision announced in *Grier Lumber Company, Inc. v. Tryon*, Del.Super., 337 A.2d 323 (1975).

In *Grier*, the Court noted that since § 2707 limits the right of a remote party (that is, one without a contractual relationship to the owner—a subcontractor, for example) to assert a mechanics' lien on residential property, the requirement that payment be "in good faith" of necessity refers to that between the owner and the remote party. The Court then concluded that:

". . . the legislature intended the phrase ["in good faith"] to require that the owner have no reason to believe that his action of payment to the general contractor would lessen the likelihood of payment to the remote lien holder."

*Id.* at 326.

We conclude that in *Grier* the Court correctly analyzed the purpose of § 2707 and how it is to be applied. Accordingly, with the one exception discussed in the foot-

note,* we approve the construction of § 2707 made in *Grier* and we disapprove the rule of *Cassidy.* In short, the "good faith" required under § 2707 is not limited to securing either the certificate or the release referred to in *Cassidy.* It is, rather, to be determined by the Court from all of the relevant circumstances.

\* \* \* \* \* \*

Each case is reversed and remanded for a "good faith" hearing and other proceedings consistent herewith.

---

\* In *Grier* the Court said that

".   .   .   where the owner has been put on notice by the remote lien holder of the fact that his bill is unpaid, it cannot be said that the subsequent act of paying the contractor was an action in good faith with respect to the remote lien holder."

As stated, this language is too narrow. Notice need not come only from the remote lien holder, but may arise from any set of circumstances in which the owner knows or should know that one who provided labor or material for his property has not been paid.