S. G. WILLIAMS OF DOVER, INC., a Delaware Corporation, Plaintiff,

v.

DIAMOND STATE VINYL, INC., Contractor, and John L. Lucas and Phoebe Houston Lucas, his wife, Owners, Defendants.

Superior Court of Delaware,
Sussex County.

Submitted Feb. 11, 1981.

Decided Feb. 12, 1981.

Douglas W. Lundblad, Schmittinger & Rodriguez, P. A., Dover, for plaintiff.

William M. Chasanov, Brown, Shiels & Barros, Georgetown, for defendants.

BUSH, Judge.

Defendants John L. and Phoebe Lucas entered into a contract with defendant, Diamond State Vinyl, Inc., to repair or alter their residence located at 300 South Walnut Street, Milford, Delaware. The general contractor, Diamond State Vinyl, Inc., purchased materials and supplies from the plaintiff, S. G. Williams of Dover, Inc., for the Lucas job, as evidenced by invoices attached to the complaint totaling $3,002.25. Those materials were delivered to the job site in trucks belonging to either the plaintiff or the contractor.

Some of the materials delivered to the site were subsequently removed by persons unknown, but believed to be employees of the contractor. Thereafter new materials were ordered and purchased from another supplier, and the job finally finished on November 20, 1978.

An initial $1,000 payment by Lucas to Diamond State Vinyl was made without notice of the mechanic's lien claim by the plaintiff. Payments made in November and December 1978, totaling in excess of $4,000, were made after notice of plaintiff's claim.

In support of its motion for summary judgment, plaintiff argues that delivery of materials to a job site creates an "irrebuttable presumption" that such materials were used in construction, thereby entitling plaintiff to a mechanic's lien under 25 Del.C. § 2702. Defendants argue that an intervening act (the alleged theft or removal of materials) rebuts that presumption.

■ In *Gaster v. Wilmington Plumbing Supply Company, Inc.*, Del.Supr., 321 A.2d 504, 506 (1974), the Delaware Supreme Court held as follows:

... proof of delivery of materials at a construction site creates an irrebuttable presumption that such materials were incorporated into the structure in issue and a lien thus established ...

Clearly then, Delaware has adopted what the commentators term a "furnish" type mechanic's lien statute as opposed to a "use" type. See Annot., 39 A.L.R.2d 394 (1955). Because of the obvious and unreasonable burdens which would be placed on a supplier or materialman if he were required to prove that his materials were, in fact, used in the completed structure, he need only show delivery in good faith to the job site.

■ Moreover, the presumption which was approved in *Gaster* is an "irrebuttable" one. A "rebuttable presumption" is a means by which a rule of substantive law is invoked to force a trier of fact to reach a given conclusion once facts constituting its hypothesis are established, absent contrary evidence. *Commonwealth v. Shaffer*, Pa. Supr., 447 Pa. 91, 288 A.2d 727 (1972). Whereas a "rebuttable presumption" merely shifts the burden of proof so as to demand contradictory evidence, an "irrebuttable presumption" is conclusive in its application. Thus, the presumption that the delivered materials were used in the repair or alteration of the Lucas home must stand.

■ The Lucases further claim that their payments made to Diamond State Vinyl in November and December 1978 constitute a defense under 25 Del.C. § 2707. That section provides, in pertinent part:

No lien shall be obtained under this chapter upon the lands, structure, or both, of any owner which is used solely as a residence of said owner when the owner has made either full or final payment to the contractor, in good faith, with whom he contracted for the construction, erection, building, improvement, alteration, or repair thereof.

The purpose of the "good faith" requirement is to prevent an owner from attempting to defeat a supplier's lien through payments to the general contractor. Thus, where an owner pays a general contractor after service of process under 25 Del.C. § 2715, such bad faith payments will not operate to reduce the fund to which a supplier's lien may attach. *Masten Lumber and Supply Co., Inc. v. Brown*, Del.Supr., 405 A.2d 101 (1979).

There is little doubt that "... the legislature intended the phrase to require that the owner have no reason to believe that his action of payment to the general contractor would lessen the likelihood of payment to the remote lien holder." *Grier Lumber Company, Inc. v. Tryon*, Del.Super., 337 A.2d 323, 326 (1975). Therefore, where the owner has been put on notice by the remote lien holder of the fact that his bill is unpaid, it cannot be said that the subsequent act of paying the contractor was an action in good faith with respect to the remote lien holder. *Grier Lumber Company, Inc. v. Tryon, supra.*

■ The stipulation of facts entered into by the parties indicates that payments made in November and December 1978 were made after notice of plaintiff's claim. There is nothing to indicate that service of process was improper, or that the Lucases were without notice of the mechanic's lien action. Under the circumstances, the Lucas' payments were not made in good faith,

and they are not entitled to the defense embodied in 25 *Del.C.* § 2702.

A motion for summary judgment should be decided on the pleadings, affidavits, product of discovery, and other factual matters properly in the record. *G. R. Sponaugle & Sons v. McKnight Construction Co.*, Del.Super., 304 A.2d 339 (1973). Uncontroverted evidence offered in support of a motion for summary judgment (such as a statement of stipulated facts) must be accepted as true. *Oliver B. Cannon & Sons v. Dorr-Oliver, Inc.*, Del.Super., 312 A.2d 322 (1973). Where the movant clearly establishes that there is no genuine issue of material fact, summary judgment may be appropriate. *Pryor v. Aviola*, Del.Super., 301 A.2d 306 (1973).

In the instant case, plaintiff S. G. Williams of Dover, Inc., is entitled to judgment as a matter of law.

IT IS SO ORDERED.