SHIRLEY DILLON AND PETER J. DILLON, PLAINTIFFS, v. ALL-STATE INSURANCE COMPANY, DEFENDANTS, AND NICHO-LAS MARONE, III, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, FLORENCE G. MARONE, AND FLOR-ENCE G. MARONE, INDIVIDUALLY, DEFENDANTS AND CROSS-CLAIMANTS.

Superior Court of New Jersey
Law Division Essex County

Decided May 18, 1984.

*Edward G. D'Alessandro,* for defendants Marone (*D'Alessandro, Sussman, Jacovino & Mahoney,* attorneys).

*Arthur G. D'Alessandro,* for defendants Marone.

No appearance by defendants, Nicholas Marone, III, and Florence G. Marone.

VILLANUEVA, J.S.C.

This is an application under R.1:21–7(f) for approval of attorneys' fees in excess of the contingent fees allowable under R. 1:21–7(c)(7).

The issues involved are: first, whether the contingent-fee schedule promulgated by the Supreme Court applies to a lawsuit against an insurance carrier to obtain excess coverage; second, if so, is an attorney representing an injured claimant entitled to attorneys fees in excess of the contingent-fee schedule for "defending" a subsequent action where the primary relief sought is by the injured claimant against the insurance carrier by means of a cross-claim; and third, whether a fee in excess of the contingent-fee schedule is warranted.

The court holds that the contingent-fee schedule applies, that the attorneys are not entitled to additional legal fees for defending an action to stay execution of their judgment, but are entitled to additional legal fees.

### Procedural History of Underlying Case

A personal injury action entitled, *Nicholas Marone, III, by and through his guardian ad litem, Florence Marone and Florence Marone, individually v. Nicholas Marone, Jr., Shirley Dillon and Peter J. Dillon,* was tried before a jury, which resulted in a judgment of $180,000 ($160,000 to Nicholas Marone, III, then a minor, and $20,000 to his mother) against Shirley Dillon and Peter J. Dillon. The case of Nicholas Marone, III against his father, Nicholas Marone, Jr., was settled for $15,000 just before this trial began. This judgment ($150,000 in excess of the Dillons' available bodily-injury liability-insurance limits under policies issued by Allstate Insurance Company) was affirmed by the Appellate Division. There was a stay of execution granted which continued until a petition for certifica-

tion was denied January 25, 1983. However, the $30,000-policy limit was not paid until long thereafter.

Causes of Action Pleaded in This Action

Plaintiffs, Shirley Dillon and Peter J. Dillon filed a complaint against Allstate, Nicholas Marone, III, and Florence G. Marone which contained four counts against Allstate for reckless, careless and negligent conduct, breach of contract and bad faith, seeking compensatory and punitive damages and to compel Allstate to satisfy the judgment against the Dillons entered in favor of the Marones. One count of the complaint against the Marones sought to restrain them from executing on their judgment.

Defendants Marone filed a cross-claim against defendant, Allstate, alleging "bad faith, reckless, careless and negligent conduct and breach of contract," demanding judgment against defendant, Allstate, in an amount equal to the excess unsatisfied portion of the judgment including postjudgment interest, punitive damages and attorneys' fees. The cross-claim was basically for relief pursuant to *Rova Farms Resort v. Investors Ins. Co.*, 124 *N.J.Super.* 248 (App.Div.1973), mod. 65 *N.J.* 474 (1974).

The attorneys for the Marones made a motion for summary judgment for postjudgment interest against Allstate, which motion was granted resulting in a partial summary judgment of $49,088.80, which Allstate appealed. However, the appeal was withdrawn when the matter was settled.

This lawsuit was settled by Allstate by paying $100,000 to the Marones, at which time Nicholas Marone, III was 19 years old. This settlement obviously included some postjudgment interest, which may be considered in determining legal fees. *Iskander v. Columbia Cement Co.*, 192 *N.J.Super.* 114 (Law Div.1983).

### This Application

The attorneys * for Marones bring this motion to recover attorneys' fees of $53,418.03, on the net recovery of $142,163 ($145,000 less $2,837 expenses). This figure includes $10,550 previously paid on the recovery of $45,000.

This matter is not being handled by the assignment judge, as required by *R.* 1:21–7(f), because he recused himself. Therefore, it was assigned to the trial judge who presided at the original trial and who also granted the summary judgment to the Marones in the subsequent action.

First of all, the attorneys contend that the contingent-fee rule does not apply to the $100,000 settlement "because *R.* 1:21–7(c) does not apply as the second action (a defense and counterclaim) has nothing to do with the tort action but merely was an action to enforce a judgment which, if collected, this office and the Marones had an entitlement."

However, the two actions are obviously intertwined and are "based upon the alleged tortious conduct of another." *R.* 1:21–7(c). It is true that the Marones were named defendants in the second action (solely to restrain execution of their judgment); however, whether the recovery is governed by the contingent-fee rule is not determined by whether the client is a plaintiff, defendant or cross-claimant. It is based upon the totality of the circumstances and the underlying bases of both causes-of-action.

It is irrelevant whether an action to recover an excess-over-policy limits is settled prior to a judgment in the original action, during the appeal process of the original action or after the original judgment is sustained on appeal.

---

*Edward G. D'Alessandro was the original trial attorney but Arthur G. D'Alessandro was the attorney of record in this action, although Edward G. D'Alessandro did most of the work.

The contingent-fee rule applies because the two causes-of-action are both predicated upon the original tortious act of the Dillons, and, in addition, the second cause-of-action is further predicated upon the alleged tortious conduct of Allstate.

Therefore, proceeding to the merits of this application, the court must look to the underlying basis that would allow this court to award legal fees higher than those limited pursuant to *R.*1:21–7(c).

The attorneys contend that pursuant to said rule, their "vested" pro rata share of this $100,000 settlement is $23,090.60, leaving $76,909.40 available to the Marones from which the attorneys are entitled to an additional legal fee of 25%, or $19,227.35. This claim of vesting is apparently predicated upon the fact that over $150,000 was still outstanding on the original judgment that the attorneys had obtained for the Marones against the Dillons. However, such contention is contrary to the traditional lawyer-client relationship where the attorney is required to pursue the client's cause-of-action and "not acquire a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client..." *Model Code of Professional Responsibility,* DR 5–103(A) (1981).

A contract between attorney and client, stipulating that the former, in consideration of his services to be rendered in prosecuting an action for the client, shall receive a part of the recovery, is executory merely; the cause-of-action remaining in the client, and the attorney obtaining no interest therein, either by way of assignment thereof or lien thereon. *Weller & Lichtenstein v. Jersey City, & c., St. Ry. Co.,* 68 *N.J.Eq.* 659 (E. & A.1905), 28 *N.J.L.J.* 306, 6 *Ann.Cas.* 442.

The certifications of the attorneys indicate that minimal time was spent in "defending" the lawsuit against the Marones to restrain them from executing on their judgment—rather, almost all the time was utilized either to collect the $30,000 policy limits, or to pursue the second cause-of-action. Therefore, no legal fees will be allowed for defense of an action to

restrain execution. To do so, in any event, would permit an attorney to recover more legal fees than permitted by the court rules, depending upon fortuitous circumstances, such as, whether the client was a plaintiff or defendant or cross-claimant or whether the tortfeasor-judgment-debtor instituted an action against him—all of which would be contrary to the letter and purpose of the contingent-fee rule.

Therefore, all legal fees have to be predicated upon the net recovery to the clients of $142,163.

Under court rules, a legal fee for the recovery on behalf of a minor is limited to 25%. *R.*1:21–7(c). However, this limitation is subject to review by the court. *R.*1:21–7(f).

The relaxation provision of rule setting limits on contingent fees which attorneys may collect can be applied to any tort action even though injured party was an infant. *Murphy v. Mooresville Mills*, 132 *N.J.Super.* 197 (App.Div.1975), certif. den. 68 *N.J.* 156 (1975).

The attorneys have represented that the Marones have agreed to the additional sum in view of the result and the work performed. This fact, although not controlling, is entitled to consideration. *Ibid.*

The certifications of Edward G. D'Alessandro and Arthur G. D'Alessandro detail 625 hours. The court, however, will not allocate this award, but will leave it to the agreement of the attorneys.

The fact that two attorneys represented the Marones in the second action does not, in itself, justify a legal fee higher than that limited by the contingent-fee rule.

This court is mindful of the extraordinary work involved in both the original trial and the subsequent lawsuit, having presided at the trial and heard the various postjudgment motions connected therewith and those made in the subsequent proceeding. The court has also considered the fact that each lawsuit was defended tenaciously by an outstanding law firm.

This court is also fully aware of the difficulties involved in both actions, of which there were many, the research involved, the skill and acumen displayed by the attorneys and, most importantly, recovery of $100,000 from Allstate, which could only have been accomplished by the strategy and maneuverings of the attorneys, that included rejection of the only offer of the policy limits made by Allstate on the trial day.

This court is also mindful of the excellent standing for integrity and skill of both attorneys and that Edward G. D'Alessandro is a certified-civil-trial attorney. *Westinghouse Elec. Corp. v. Local No. 449, etc., C.I.O.*, 39 *N.J.Super.* 438, 451 (Ch.Div.1956), mod. 23 *N.J.* 170 (1957).

Under the court rules existing when both of these actions were instituted where an adult is involved, an attorney could not contract for, or charge, or collect a contingent fee in excess of the following limits:

(1) 50% on the first $1000 recovered;
(2) 40% on the next $2000 recovered;
(3) 33⅓% on the next $47,000 recovered;
(4) 25% on the next $50,000 recovered;
(5) 20% on the next $150,000 recovered; ...

As of January 26, 1984, the limits were increased to allow a 33⅓% fee on the first $250,000 of the recovery.

The court takes into consideration the fact that the Supreme Court, in adopting the new rules, recognized that a 33⅓% fee is reasonable—even though it still retained the limit of 25% when an infant or incompetent was involved.

■ Therefore, the court awards the attorneys collectively a fee of $5,462 for the recovery for Florence Marone, which is the maximum authorized by the contingent-fee rule when both actions were instituted, resulting in the recovery of $15,785—although now it would be slightly less. For the recovery for Nicholas Marone, III, who became 18 before the institution of the second lawsuit, the court awards the attorneys $42,126 (⅓

of $126,378), plus $40 filing fees (not previously received, but considered when arriving at the net recovery of $142,163).

The Marones will receive credit for $10,550 previously paid for legal fees.

Any additional amount would exceed 33⅓% of the net recovery. This court need not decide if that could ever be justified, but only, on the facts herein, whether the fee, as limited by the contingent-fee schedule, is substantially inadequate. *Murphy v. Mooresville Mills, supra; Buckelew v. Grossbard,* 189 *N.J. Super.* 584 (Law Div.1983).

I find that such a fee of $31,594 (25% of $126,378) is substantially inadequate and well documented, considering the foregoing reasons, the most important of which are the difficulties encountered in establishing a case against an insurance carrier for excess coverage and the 625 hours expended by the attorneys. *Bolle v. Community Memorial Hospital, et. al.,* 145 *N.J.Super.* 593 (App.Div.1976).

The increased fee is fair, adequate and reasonable in light of all the circumstances.

The order has been signed. Counsel should file it together with all their moving papers with the Administrative Office of the Courts in accordance with *R.* 1:21–7(f).